**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**QUENTIN H.**,[1]

Plaintiff,

v.

**KILOLO KIJAKAZI**, Acting Commissioner of the Social Security Administration,

Defendant.

Case No. 3:23-cv-00130-IM

**OPINION AND ORDER AFFIRMING THE ACTING COMMISSIONER OF SOCIAL SECURITY'S DENIAL OF PLAINTIFF'S APPLICATION**

Lisa R. Lang, Johnston Porter Law Office P.C., 5200 SW Meadows Rd., Suite 150, Lake Oswego, OR 97035. Attorney for Plaintiff.

Natalie K. Wight, United States Attorney, and Kevin C. Danielson, Assistant United States Attorney, United States Attorney's Office, 1000 SW Third Avenue, Suite 600, Portland, OR 97204; Jeffrey E. Staples, Special Assistant United States Attorney, Office of Program Litigation, Office 7, Office of General Counsel, Social Security Administration, 6401 Security Boulevard, Baltimore, MD 21235. Attorneys for Defendant.

**IMMERGUT, District Judge**

Plaintiff Quentin H. seeks review under 42 U.S.C. § 405(g) of the final decision of the Acting Commissioner of the Social Security Administration ("Commissioner") denying his

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case.

application for Disability Insurance Benefits ("DIB") pursuant to the Social Security Act. In particular, Plaintiff challenges the evidence on which the ALJ relied in determining his "residual functional capacity" ("RFC"). For the following reasons, this Court AFFIRMS the Commissioner's decision.

**STANDARD OF REVIEW**

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039). "This is a highly deferential standard of review." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).

If the evidence is "susceptible to more than one rational interpretation," the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004) (citation omitted). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quotation marks omitted) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.* (citation omitted).

## BACKGROUND

### A. Plaintiff's Application Process

Plaintiff was born on October 29, 1981. AR 268. Plaintiff filed an application for DIB on December 27, 2016, alleging disability since June 27, 2016, when he was thirty-four years old. *Id.* Plaintiff's application was denied. AR 122.

Plaintiff then requested a hearing, and he appeared with counsel at an administrative hearing on June 10, 2019, before Administrative Law Judge ("ALJ") Lori Freund. AR 128–31. On July 23, 2019, the ALJ issued a decision finding that Plaintiff had been "disabled under sections 216(i) and 223(d) of the Social Security Act since June 27, 2016," the date the application was filed. AR 131. Then, on March 24, 2020, the Appeals Council remanded the case back to an ALJ because ALJ Freund's favorable decision was "not supported by substantial evidence and contain[ed] an error of law." AR 134.

On July 29, 2020, Plaintiff appeared in a second hearing before ALJ Steve Lynch. AR 49. On August 18, 2020, ALJ Lynch issued an unfavorable decision. AR 23. Plaintiff appealed to the U.S. District Court for the District of Oregon, but on March 3, 2022, Chief Judge Hernandez remanded this case pursuant to a stipulation by Plaintiff and the Commissioner. AR 787. On August 4, 2022, the Appeals Council vacated ALJ Lynch's decision and remanded the case to another ALJ to reassess the medical expert opinion testimony of Dr. Richard Cohen. AR 792.

On November 17, 2022, Plaintiff appeared for a third hearing before ALJ Jo Hoenninger. AR 722. On January 4, 2023, ALJ Hoenninger issued the unfavorable decision now before this Court. AR 680.

### B. The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or

can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520 (DIB), 416.920 (Social Security Insurance); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's RFC. This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)–(c), 416.920(e), 416.945(b)–(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

    4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled.

20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Bustamante*, 262 F.3d at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 146, n.5. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1098, 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.* at 1100; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant can perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Tackett*, 180 F.3d at 1099.

**C. The ALJ's Decision**

At step one of the sequential evaluation process, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since June 27, 2016 through his last date insured of December 31, 2021. AR 686. At step two, the ALJ found that Plaintiff had a number of "severe"

impairments: bipolar disorder; social anxiety disorder; a history of ADHD; hearing loss; and tinnitus. AR 686. At step three, the ALJ found that Plaintiff's severe impairment did not "meet or equal" any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 687–89. The ALJ determined next that Plaintiff had the RFC "to perform a full range of work at all exertional levels," though she imposed several conditions, including that he would need (i) a work environment with "no more than moderate noise level," (ii) to receive instructions face to face, and (iii) to be limited to "low production demands." AR 689. At step four of the sequential analysis, the ALJ held that Plaintiff's RFC meant that he could not perform any past relevant work. AR 697. At the final step, however, the ALJ found that there were at least three jobs that Plaintiff could perform: cleaner housekeeper, janitor, and hospital cleaner. AR 698. Because such jobs existed in large numbers in the national economy, the ALJ concluded, Plaintiff was not disabled between June 27, 2016 and December 31, 2021. AR 698.

## DISCUSSION

Plaintiff primarily challenges the ALJ's RFC determination, making three arguments concerning the evidence the ALJ relied on. According to Plaintiff, the ALJ improperly (1) discounted Plaintiff's symptom testimony; (2) relied on the testimony of Dr. Richard W. Cohen; and (3) discounted the testimony of Dr. Leslie Carter. For the following reasons, this Court rejects each argument.

### A. The ALJ Gave a Clear and Convincing Explanation for Why She Partially Discounted Plaintiff's Symptom Testimony

The ALJ partially discounted Plaintiff's testimony about the severity of his own symptoms because, in the ALJ's view, some of the testimony contradicted the evidence in the record. AR 691. Specifically, the ALJ found that although Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms," his

"statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." AR 691. Said otherwise, the ALJ credited Plaintiff's testimony insofar as it concerned *whether* he has hearing and mental health issues, but accorded less weight to Plaintiff's testimony on *how* severe those issues are.[2] The ALJ's explanation for so doing, this Court holds, is clear and convincing.

An ALJ must consider "whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between [a claimant's] statements and the rest of the evidence, including [the claimant's] history, the signs and laboratory findings, and statements by [] medical sources or other persons about how [the claimant's] symptoms affect [them]." 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4). In short, "[c]ontradiction with the medical record is sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citation omitted). In discounting the claimant's testimony, however, the ALJ must offer "specific, clear, and convincing reasons for doing so." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (citation omitted).[3] "The standard isn't whether [the] court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

[2] Indeed, the ALJ accounted for hearing and mental health issues in establishing Plaintiff's RFC. AR 691–92.

[3] In his Reply Brief, Plaintiff makes much of the fact that the Social Security Administration issued a rule, SSR 16-3p, that requires a two-step evaluation of a claimant's testimony about his symptoms. *See* Plaintiff's Reply Brief ("Reply"), ECF 12 at 10. However, the Ninth Circuit has explained that "this ruling makes clear what [Ninth Circuit] precedent already required: that assessments of an individual's testimony by an ALJ are designed to 'evaluate the intensity and persistence of symptoms after the ALJ finds that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms,' and not to delve into wide-ranging scrutiny of the claimant's character and apparent truthfulness." *Trevizo v. Berryhill*, 871 F.3d 664, 678 n.5 (9th Cir. 2017) (original brackets omitted and brackets added) (quoting SSR 16-3p).

Here, the ALJ provided clear and convincing reasons for discounting Plaintiff's testimony about the severity of his hearing loss. Testing showed 92 percent word recognition in Plaintiff's right ear and 72 percent in the left ear. AR 460. Although Plaintiff claimed that he could not work due to hearing loss, multiple medical examinations found his hearing to be "grossly intact." AR 691; *see also* AR 671–72, 674, 901, 904. Indeed, one physical examination in August 2021 saw no indication that Plaintiff had "hearing problems or tinnitus." AR 902. Further, in multiple medical appointments, Plaintiff did not appear to have any debilitating hearing-based difficulty in completing the appointments. *See, e.g.*, AR 567, 575–94, 671–76. The ALJ's explanation for discounting Plaintiff's symptom testimony is clear and convincing. *See Batson*, 359 F.3d at 1196 ("Because the ALJ considered the claimant's testimony to be contradictory and unsupported by . . . the objective medical evidence . . . , the district court did not err in affirming the ALJ's determinations about [the claimant's] credibility.").[4]

The ALJ likewise provided a clear and convincing basis for discounting Plaintiff's testimony about the severity of his mental impairments. As the ALJ put it, "there are few objective findings indicative of significant functional restrictions prior to [Plaintiff's] date last insured." AR 691. Plaintiff alleges that he had bipolar disorder, social anxiety disorder, and ADHD. Plaintiff's Opening Brief ("Pl.'s Br."), ECF 9 at 4. However, during multiple medical appointments, examiners observed that Plaintiff's psychological condition showed no abnormalities. *See* AR 470, 473, 520, 522, 525, 536, 540, 633, 666, 672, 901, 904–05, 928, 933.

[4] Plaintiff also spends significant portions of his briefing contesting Drs. Lloyd Wiggins and Susan Johnson's characterization of his subjective testimony. *See* Pl.'s Br., ECF 9 at 10–13; Plaintiff's Reply Brief ("Reply"), ECF 12 at 4–5. But the ALJ already discounted those medical experts' opinions. AR 693; *see* AR 104, 118–19 (showing that Drs. Wiggins and Johnson shared the same opinion). And the ALJ provided an independent explanation for why she would not lend great weight to Plaintiff's testimony. This Court thus need not address Plaintiff's arguments on this point because, rather than identifying alleged error, they support the ALJ's findings.

In fact, mental status examiners found Plaintiff to have clear, linear cognitive ability. AR 566, AR 576. Moreover, during significant portions of the period in which Plaintiff was allegedly disabled—from January to October 2018, from October 2018 to May 2019, and from May 2019 to June 2020—Plaintiff did not seek mental health treatment. AR 692. Plaintiff states in his brief that he "stopped going after his beliefs were challenged," Pl.'s Br., ECF 9 at 20 (citing AR 939), but it does not appear that this explanation was ever presented below. Accordingly, the ALJ properly saw this "unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment" as undermining Plaintiff's subjective testimony. *Fair v. Bowen*, 885 F.2d 597, 603–04 (9th Cir. 1989). Finally, in her RFC analysis, the ALJ noted that Plaintiff could cook "more complex meals," which would require the use of a stove, a known hazard, thus contradicting testimony about Plaintiff's inability to be around hazards and perform tasks. *See* AR 693, 324.

In sum, "the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citation omitted). The ALJ "cited specific, clear, and convincing examples across a multi-year period contrasting [Plaintiff's] subjective [symptom] testimony with objective medical evidence"—thus satisfying this Court's review. *Smartt*, 53 F.4th at 499.

**B. Substantial Evidence Supports the ALJ's Evaluation of the Medical Opinion Evidence**

Plaintiff argues that the ALJ "ignored or discounted significant probative evidence in the record favorable to Claimant's position" and, as a result, improperly weighed the testimony of various medical experts. Pl.'s Br., ECF 9 at 11. This argument is unpersuasive, however; substantial evidence supports the ALJ's credibility determinations.

Because Plaintiff applied for disability benefits before March 27, 2017, the applicable rules for evaluating medical opinions are contained at 20 C.F.R. § 404.1527. As the Ninth Circuit has summarized § 404.1537's requirements:

> Our precedent requires ALJs to give more weight to treating and examining sources because that is what the pre-2017 regulations required—not because such a requirement exists in the Social Security Act. . . . The regulations say an ALJ must consider each opinion from a medical source along with other relevant evidence. 20 C.F.R. § 404.1527(b). An ALJ must give more weight to opinions from treating or examining physicians, § 404.1527(c)(1)–(2), and consider whether each opinion is supported by evidence and consistent with the record. § 404.1527(c)(3)–(4). The ALJ must also consider factors such as a source's specialized knowledge about disability programs or an area of medicine. § 404.1527(c)(5)–(6). Nothing in the relevant regulations requires an ALJ to defer to an opinion from a non-treating, non-examining medical source.

*Farlow v. Kijakazi*, 53 F.4th 485, 488–89 (9th Cir. 2022).

Applying this regulation, this Court considers whether substantial evidence supports the ALJ's findings concerning Dr. Richard Cohen and Dr. Leslie Carter, both of whom Plaintiff discusses in his briefing.

**1. Dr. Richard Cohen**

In formulating Plaintiff's RFC, the ALJ gave "significant weight to most of the opinions of" Dr. Cohen. AR 696. Substantial evidence supports the ALJ's decision. In Dr. Cohen's opinion, Plaintiff had mild deficits in social functioning; moderate deficits in concentration, persistence, and maintaining pace; and mild deficits in managing oneself. At the same time, Dr. Cohen opined, Plaintiff was capable of performing simple and detailed tasks; capable of occasional public and coworker interactions; capable of handling funds; and capable of low stress, low production work. AR 696; *see* AR 53–56. Although Dr. Cohen had not personally examined Plaintiff, Dr. Cohen based his evaluations on the record, including the facts that

Plaintiff could drive, received an associate's degree, could perform household chores, and could cook "complex" meals. AR 53–56. Indeed, the variety of medical records discussed above support Dr. Cohen's view that Plaintiff does not suffer a severe mental abnormality. *See supra* at 8–9. Further, Dr. Cohen considered the effect of lithium and marijuana on Plaintiff in rendering his opinion. AR 53–54, 56. The total evidence is "adequate to support [the ALJ's] conclusion" to accord great weight to Dr. Cohen's opinions. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

This Court holds that the ALJ had sufficient reason to rely on Dr. Cohen and therefore that the ALJ had substantial evidence in deciding Plaintiff's RFC. "Opinions of a nonexamining, testifying medical advisor may serve as substantial evidence when they are supported by other evidence in the record and are consistent with it." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999) (citing *Andrews*, 53 F.3d at 1041). As explained, Dr. Cohen's testimony was grounded in the record. Accordingly, the ALJ's RFC determination is backed by substantial evidence.

**2. Dr. Leslie Carter**

The ALJ accorded "little weight to the opinion of" Dr. Carter, who opined that Plaintiff was "extremely limited" in performing basic work tasks such as maintaining attendance, remembering information, and concentrating on tasks. AR 658; *see* AR 695. There is substantial evidence supporting the ALJ's determination. To begin with, Dr. Carter saw Plaintiff a single time in late 2017, and there is no evidence of a follow up examination, though one was apparently scheduled to happen. AR 656. Dr. Carter, moreover, did not identify any evidence in the record supporting her conclusions. In fact, her conclusions are inconsistent with years of medical records. *See supra* at 8–9. For these reasons, this Court defers to the ALJ's decision to give Dr. Carter's opinion little weight.

Plaintiff contests this conclusion by pointing to various parts of the record—primarily self-reporting by Plaintiff—that support his position. *See* Pl.'s Br., ECF 9 at 17–19; Reply, ECF 12 at 7–8. However, Dr. Carter herself did not discuss these evidentiary points. Further, the ALJ acknowledged many of these parts of the record, AR 690–91, and addressed them by evaluating a timeline of Plaintiff's mental health records, the testimony of impartial medical experts, and the inconsistency of Plaintiff's self-reporting with the objective medical evidence, AR 691–93. At best for Plaintiff, the evidence he proffers raises ambiguity over whether the ALJ properly gauged Plaintiff's RFC. Yet "[w]here evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." *Orn*, 495 F.3d at 630 (citation and internal quotation marks omitted).

* * *

This Court cannot "engage in second-guessing" of how the ALJ evaluated Plaintiff's RFC; this Court must only ask whether substantial evidence supports the ALJ's ultimate conclusions. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). Because such evidence is replete in the record, this Court affirms the ALJ's decision and the Commissioner's decision in turn.

## CONCLUSION

This Court AFFIRMS the Commissioner's decision denying Plaintiff's DIB application.

**IT IS SO ORDERED**.

DATED this 6th day of November, 2023.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge